WILLIAM H. COLVIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 33068.   Promulgated April 28, 1931.

*Walter H. Eckert, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

## OPINION.

MATTHEWS: The deficiency in income tax for 1922 which has been determined against the petitioner is based upon the increase in income derived from the partnership of Wm. H. Colvin & Company. The Commissioner disallowed in full the deductions taken by the partnership on account of the alleged bad debts of Guernsey and Kohlsaat in the respective amounts of $6,686.62 and $5,860, for the reason that they had been previously charged to profit and loss. There was added to income the item of $4,268.75, representing expense incurred for office fixtures. The deduction for depreciation

in the sum of $3,514.62 was reduced by the Commissioner to $1,031.47.

With respect to the two items last mentioned, it is alleged in the petition as follows:

The deduction of $3,514.62 as depreciation on office equipment and the further sum of $4,268.75 for fixtures and equipment were proper deductions as they constituted the actual depreciation and loss sustained by Wm. H. Colvin & Company, the amount being arrived at by charging off the pro rata value thereof based on the term of the lease for the premises occupied by Wm. H. Colvin & Company.

No evidence was offered with respect to the cost, date of acquisition, useful life, or nature of the office equipment on which depreciation of $3,514.62 was claimed. The record does not disclose the amount which was expended in connection with the installation of the equipment and office fixtures which were abandoned when the partnership moved its offices from the Woman's Temple Building. Neither does the evidence show the date in 1922 when the installation was made. The petitioner testified that the lease for the premises had two more years to run when the equipment was installed and that one-half of the total amount of the expenditure for rearranging the offices and putting in this equipment was charged off in 1922, but the lease was not introduced in evidence and we do not know the date of its expiration or its provisions with respect to cancellation and renewal. The offices were vacated in April, 1926.

The respondent allowed depreciation for 1922 in the sum of $1,031.47. No part of the deduction claimed in the amount of $4,268.75 as expense incurred for office fixtures was allowed. The evidence offered by the petitioner has failed to establish that the partnership is entitled to any greater deduction on account of depreciation or to any deduction on account of cost of equipment and fixtures.

With respect to the alleged bad debts represented by notes payable to the partnership, we have found that the Guernsey indebtedness was taken out of the balance sheet of the partnership in 1913 or 1914. We do not know that it was deducted in either year, but there is nothing to indicate that the right to deduct this item was denied at the time it was charged to profit and loss. The statute provides that there shall be allowed as deductions, debts ascertained to be worthless and charged off within the taxable year. Under the circumstances set out herein it can not be said that the Guernsey note was ascertained to be worthless and charged off in 1922.

The Kohlsaat indebtedness was charged off as uncollectible in 1914, but the deduction was disallowed by the Commissioner on the ground that it was not shown to be worthless in that year. This

note was executed in 1909 and it does not appear that Kohlsaat ever made any payment thereon or executed any new promise to pay. Actions on promisory notes must be commenced in Illinois within ten years after the cause of action accrues, unless there is a payment or a new promise in writing. See paragraph 17, chapter 83, Cahill's Revised Illinois Statutes (1929 Ed.). It will be seen that the period of limitation on collection of the Kohlsaat note by suit must have expired prior to 1922 so that Kohlsaat's death in that year could have had no relation to the worthlessness of the note. It is not necessary to determine when this debt became worthless. It suffices to say that the item is not deductible in 1922.

The deductions taken in 1922 by the partnership on account of the indebtedness of Guernsey and of Kohlsaat were properly disallowed by the respondent.

*Judgment will be entered for the respondent.*